JUSTICE WEBER
specially concurs and dissents as follows:
I dissent from the majority opinion on Issue I. I concur in the dissent of Justice Karla M. Gray on Issues II and III. I concur in the majority opinion on Issue IV.
*11 Issue I asks if the District Court erred in instructing the jury on Leviton’s misuse defense. As pointed out by the majority, § 27-1-719(5)(b), MCA, provides that Leviton’s defense in this strict liability case depends upon whether or not the product was “unreasonably misused” by Hart-Albin. The majority points out that this Court has not previously ruled on the definition of “unreasonable misuse;” and then holds that the generally accepted definition of misuse in relation to strict liability applies. The majority then makes the following statement:
Montana’s federal district court has stated, in defining the defense of misuse, that a manufacturer is not responsible for injuries resulting from abnormal or unintended use of a product if such use was not reasonably foreseeable. Trust Corp. of Mont. v. Piper Aircraft Corp. (Mont. 1981), 506 F.Supp. 1093, 1097, citing 1 Framer and Friedman, Products Liability § 15.01. ... [Emphasis supplied.]
The majority states that it adopts the foregoing Trust Corp. of Mont. definition of misuse. It further states that the defense of misuse is not available if the misuse of the product was “reasonably foreseeable.”
In analyzing the evidence, the majority points out that Leviton’s interrogatory answer stated that it “agrees that this product can be abused or misassembled.” In addition, the Levitón representative stated that he was aware that it was “possible” that the cord connector could be misassembled. From that evidence, the majority concludes that Levitón admitted it was foreseeable that the cord connector could be misassembled and that such admission by Levitón eliminates its argument on misuse.
Leviton’s admissions that it was “possible” that the cord connector could be misassembled do not meet the test of Trust Corp. of Mont. Under that test the manufacturer is not responsible if such use was not reasonably foreseeable. The majority has disregarded the aspect of reasonableness. It has concluded that mere foreseeability is the same as reasonable foreseeability. Neither of the admissions by Levitón establish that it was reasonably foreseeable that the cord connector would be misassembled. Leviton’s admissions are perfectly consistent with its contention — while it is possible to misassemble, such misassembly could only occur upon unreasonable misuse. The majority opinion does not consider whether or not the use on the part of Hart-Albin could be classed as reasonably foreseeable. The effect of the majority opinion is to impose strict liability on Levitón without *12 giving to the trier of fact, a jury in this instance, the obligation to determine whether or not the misuse was unreasonable and whether or not the misuse was reasonably foreseeable. I conclude this effectively eliminates Leviton’s statutory right -under § 27-1-719, MCA, to prove that Hart-Albin unreasonably misused the cord connector.
I dissent from the conclusion on Issue I by the majority opinion which holds that the court erred in instructing the jury on Leviton’s defense that Hart-Albin misused the cord connector through misassembly. I would therefore grant a retrial on Issue I.